IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER WIGGINS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2003-N |
| | § | |
| WELLS FARGO & COMPANY, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Jennifer Wiggins, a resident of Venus, Texas, against Wells Fargo & Company ("Wells Fargo") and its president, John G. Stumpf. On October 22, 2009, plaintiff tendered a 34-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on November 23, 2009. The court now determines that this case should be summarily dismissed.

II.

In May 2008, plaintiff sent Wells Fargo a "Bonded Promissory Note" in the amount of $114,597.40 fashioned by her "private banker," Denny Ray Hardin, in purported satisfaction of the mortgage on her home. Wells Fargo refused to accept the Note and instituted foreclosure proceedings against plaintiff for non-payment of the mortgage. In her complaint and interrogatory answers, plaintiff asserts claims against Wells Fargo and its president, John G. Stumpf, for: (1) embezzlement, theft, and extortion under various federal and state criminal statutes; (2) violations of 31 U.S.C. § 5118, the federal statute invalidating contracts that require payment in gold or a particular United States coin or currency; (3) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a; and (4) violations of the Uniform Commercial Code provision establishing the rights of an obligor after tendering payment for a specific obligation, which is codified at Tex. Bus. & Comm. Code Ann. § 3.603. Plaintiff's complaint seeks $25,000 in damages and title to her home.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from
            such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

## B.

The court summarily rejects any claims predicated on violations of federal or state criminal laws. "[F]ederal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action." *Williams v. Cintas Corp.*, No. 3-07-CV-0561-M, 2007 WL 1295802 at *2 (N.D. Tex. Apr. 10, 2007) (collecting cases), *rec. adopted*, 2007 WL 1300780 (N.D. Tex. May 2, 2007). In order for a private right of action to exist, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Ali v. Shabazz*, 8 F.3d 22 (Table), 1993 WL 456323 at *1 (5th Cir. Oct. 28, 1993), *quoting Cort v. Ash*, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975). The only criminal statutes remotely implicated by the allegations in plaintiff's complaint and interrogatory answers are: (1) 18 U.S.C. § 891, *et seq.*, which prohibits extortionate credit transactions; (2) 18 U.S.C. § 1951, which prohibits extortion in interstate commerce; (3) Tex. Penal Code § 31.02, which criminalizes theft; and (4) Tex. Penal Code § 32.45, which covers the misapplication of fiduciary property. None of these statutes confer a private right of action. Instead, any corrective process under the statutes "would lie entirely within the discretion

of a governmental body[.]" *Id.*, 1993 WL 456323 at *1, *quoting Johnson v. Kegans*, 870 F.2d 992,

1005 n.4 (5th Cir.), *cert. denied*, 109 S.Ct. 3250 (1989) (Goldberg, J., dissenting).

### C.

To the extent plaintiff seeks relief under the Texas Theft Liability Act, Tex. Civ. Prac. &

Rem. Code Ann. § 134.001, *et seq.*, she has failed to allege any facts to support such a cause of

action. Under this statute, "[a] person who commits theft is liable for the damages resulting from

the theft." TEX. CIV. PRAC. & REM. CODE ANN. § 134.003(a) (Vernon 2007). In order to prove

"theft," plaintiff must show that defendants unlawfully appropriated her property with the intent to

deprive her of the property. *See* TEX. PENAL CODE ANN. § 31.03(a). Liberally construed, plaintiff's

complaint appears to allege that Wells Fargo deprived her of her home by refusing to accept the

"Bonded Promissory Note" prepared by Denny Ray Hardin. However, one federal court recently

described a similar instrument prepared by Hardin as "bogus." *See In re Chabot*, 411 B.R. 685, 704

(Bankr. D. Mont. 2009). Because the "Bonded Promissory Note" is plainly devoid of value,

defendants have not deprived plaintiff of anything by refusing to honor the Note.

### D.

Nor has plaintiff stated a claim for relief under 31 U.S.C. § 5118 or the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692a. Section 5118 specifies that "obligations requiring

repayment in gold and issued after October 1977 are satisfiable by fiat money." *Obersteller v. Select*

*Portfolio Servicing*, No. 2-06-CV-451, 2007 WL 437790 at *1 (S.D. Tex. Feb. 6, 2007); *see also*

53A Am. Jur.2d Money § 50 (2009) ("The statute invalidating gold clauses in contracts was enacted

to prevent persons holding contracts from requiring payments of debts in a frozen money value rather

than in legal tender current at the date of payment."). The statute is definitional only and provides

no private right of action. *See also Bell v. JP Morgan Chase Bank*, No. 06-11550, 2007 WL 107833 at *4 (E.D. Mich. Jan. 8, 2007).

The FDCPA applies only to persons who "use[ ] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collect[ ] or attempt[ ] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Mortgage lenders, like Wells Fargo, are not "debt collectors" withing the meaning of the FDCPA. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (definition of "debt collector" does not include mortgage servicing companies); *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007), *aff'd*, 269 Fed. Appx. 523 (5th Cir. 2008) (mortgage companies collecting debts are not "debt collectors").

E.

Finally, plaintiff seeks relief under Tex. Bus. & Comm. Code Ann. § 3.603, which provides:

> (a)  If *tender of payment of an obligation* to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

> (b)  If *tender of payment of an obligation* to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

> (c)  If *tender of payment of an amount due* on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

TEX. BUS. & COMM. CODE ANN. § 3.603 (Vernon 2006) (emphasis added).  Under Texas law, "tender" requires an unconditional offer to pay by negotiable instrument or another manner of payment agreed to by the parties.  *See Home Insurance Indemnity Co. v. Gutierrez*, 409 S.W.2d 450, 456 (Tex. Civ. App.--Corpus Christi 1966, writ ref'd n.r.e.).  Here, plaintiff attempted to pay Wells Fargo with a "Bonded Promissory Note," which is not a negotiable instrument.  Nor is there any allegation that Wells Fargo agreed to accept the Note in satisfaction of plaintiff's mortgage obligation.  For those reasons, plaintiff is not entitled to relief under section 3.603.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 8, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE